THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ELIZABETH CLEMENTS, | ) |
| | ) |
| Plaintiff/Garnishor, | ) |
| | ) |
| v. | ) CIV-20-974-R |
| | ) |
| JOSHUA CORDS, | ) |
| | ) |
| Defendant | ) |
| | ) |
| and | ) |
| | ) |
| STATE FARM FIRE AND CASUALTY COMPANY, | ) |
| | ) |
| Garnishee/Counterclaimant | ) |
| | ) |
| v. | ) |
| | ) |
| ELIZABETH CLEMENTS and JOSHUA CORDS, | ) |
| | ) |
| Counterclaim Defendants. | ) |

## **ORDER**

Before the Court are two motions filed by Elizabeth Clements, a Motion to Remand (Doc. No. 14) and a Joint Motion to Vacate Default Judgment (Doc. No. 18), which she filed with Joshua Cords. State Farm responded in opposition to the motion to remand. (Doc. No. 17). Upon consideration of the parties' submissions, the Court finds as follows.

This action arises from a default judgment entered by the District Court of Garfield County in a personal injury case filed by Elizabeth Clements against Joshua Cords, Case

No. CJ-2015-94-03. Ms. Clements secured a default judgment against Mr. Cords on October 12, 2017.[1] On July 17, 2020, Ms. Clements commenced garnishment proceedings against State Farm, Cords's insurer, within the underlying civil action, seeking to recover in excess of $300,000 from State Farm. State Farm removed the garnishment proceedings to this Court, resulting in the motion to remand currently before the Court.

In support of remand, Ms. Clements argues the Court lacks subject matter jurisdiction over this action because the parties are not diverse. Although she is a citizen of Oklahoma and State Farm, as an Illinois corporation with its principal place of business in Illinois, is considered a resident of Illinois, she contends that because Mr. Cords is domiciled in Oklahoma, diversity is lacking. In the motion, Ms. Clements represents that "Defendant intends to vacate the judgement against him." (Doc. No. 14, ¶ 5). She acknowledges that where the garnishee, State Farm, denies liability to the judgment debtor, Cords, the judgment creditor, Clements, and the judgment debtor, Cords, are aligned on the same side for purposes of establishing diversity. *Id*, ¶ 6. She argues, however that the alignment ends if the underlying judgment is vacated. Here, however, the default judgment entered by the District Court of Garfield County has not been vacated. Accordingly, remand would be inappropriate.

In the Motion to Remand Plaintiff Clements further argues:

> [S]hould the Defendant Cords file a motion to vacate the judgment, this Court would be unable to rule on such a motion based on the Rooker-Feldman Doctrine. The Rooker-Feldman doctrine, as decided by the United States Supreme Court in the cases *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923)

---

[1] According to the Notice of Removal the documents predating the Journal Entry of Default in the underlying action were all sealed and removed from public record on October 13, 2017. (Doc. No. 1, ¶ 4).

> and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), holds that unless it has been specifically authorized by Congress, federal courts other than the Supreme Court should not sit in direct review of state court decisions. No such authorization has been given for this type of case.

Doc. No. 14, p. 3. Inexplicably, in light of the above, Plaintiff subsequently joined with Defendant Cords to file a "Joint Motion to Vacate Default Judgment." (Doc. No. 18). State Farm did not respond to the motion, but despite the lack of a response, the Court cannot vacate the default judgment entered against Mr. Cords.

The case between Elizabeth Clements and Joshua Cords terminated when the default judgment was entered against Mr. Cords. The case properly removed to this Court was the independent garnishment action. "In *London and Lancashire Indemnity Co. of America v. Courtney*, 106 F.2d 277 (10th Cir. 1939), the Tenth Circuit found that the garnishment action was independent of the primary liability action between the plaintiff and defendant, and that if diversity of citizenship and other jurisdictional facts existed, the garnishee could remove the action to federal court." *Bridges for Bridges v. Bentley by Bentley*, 716 F. Supp 1389, 1391 (D. Kan. 1989). In *Adriaenssens v. Allstate Insurance Company*, 258 F.2d 888 (10th Cir. 1958), "[t]he Tenth Circuit concluded that a garnishment action was an original and independent action." *Bridger*, 716 F. Supp. At 1391. Accordingly, the Court is not authorized to address the validity of the underlying default judgment, which is part of a separate action that remains, albeit under the same case number, in the District Court of Garfield County. Therefore, the Court concludes it lacks the authority to alter or amend the default judgment against Mr. Cords.

For the reasons set forth herein, Plaintiff's Motion to Remand and the Joint Motion to Vacate Default Judgment are DENIED.

**IT IS SO ORDERED** this 29th day of December 2020.

_David L. Russell_
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE